† Bonzey *versus* Redman *&* als.

A party cannot plead a matter in abatement of the writ, which affects only one of his co-defendants.

Thus, where the writ is served by the sheriff on defendants, one of whom is his deputy, and one *not* the deputy pleaded this fact in abatement, such plea cannot prevail. The *deputy* may well plead it in abatement, but when pleaded by *another*, it neither avails *him* nor the deputy, and the objection is considered as waived.

On Exceptions from *Nisi Prius*, Appleton, J., presiding.

Trespass *quare clausum*, against seven defendants.

The writ was served by the *sheriff* of the county.

Erastus Redman, one of the defendants, was his deputy.

At the term the writ was returned, Jesse Dutton, another of the defendants, pleaded in abatement of the writ that it was served by the sheriff, not being either a coroner or constable, and Erastus Redman, one of the parties, being his deputy.

To this plea there was a demurrer and joinder.

The presiding Judge ordered that the writ abate, and plaintiff excepted.

*Knowles & Briggs*, in support of the exceptions, contended that the defendant Redman, in the act complained of, was not acting as an officer, but a mere trespasser. And that if the writ abates it cannot affect any besides Redman.

*Herbert, contra.*

The service must be by a coroner. R. S., c. 104, § 60; *Brown* v. *Gorden*, 1 Greenl. 165, 166; *Gage* v. *Graffam*, 11 Mass. 181; *Adams* v. *Wiscasset Bank*, 1 Greenl. 361; *Thayer* v. *Ray*, 17 Pick. 166, 167; *Walker* v. *Hill*, 21 Maine, 481; *Merchants' Bank* v. *Cook*, 4 Pick. 405.

Goodenow, J. — This is an action of trespass, *quare clausum*. The writ was returnable to the District Court, April term, 1852. At that term, Jesse Dutton, one of the defendants, pleaded in abatement the fact, that Erastus Red-

man, one other of the defendants, sued in this action, was a deputy sheriff at the time of the service of the writ, under John R. Redman, sheriff of the county of Hancock, and that the writ was served by the said John R. Redman, as sheriff, he not being a coroner or constable duly qualified to serve said writ.

To this plea there was a demurrer and joinder. At the S. J. Court, April term, 1853, the plea was adjudged good by the presiding Judge, and the writ abated. To this decision exceptions were duly taken and allowed.

We do not think it is competent for Jesse Dutton to plead this matter in abatement. The writ was duly served on him. It is not permitted to a party to allege as error that which does not injure him. Erastus Redman might have pleaded this matter in abatement, and if he had done so in season the writ might have been abated as to him, and have remained good as to the other defendants. As he did not plead it, he must be considered as having waived his right to except to the service of the writ. *Thayer* v. *Ray & trustees,* 17 Pick. 166; *Maine Bank* v. *Hervey,* 21 Maine, 38. *Exceptions sustained.*

*Plea in abatement adjudged insufficient.*
*Judgment that the defendants answer over.*